

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00130-CV

---

L.T. RUNELS, JR., APPELLANT

V.

TAX LOANS USA, LTD., APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2019-534,715, Honorable Edward Lee Self, Presiding

June 28, 2022

## ORDER ON MOTION FOR REHEARING AND
## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, L.T. Runels, Jr., proceeding pro se, filed a notice of appeal from the trial court's *Joint Summary Judgment*. We dismissed the appeal due to his failure to pay the required filing fee. Subsequent to our opinion, Runels filed a motion for rehearing and submitted payment for the fee. Consequently, we grant his motion for rehearing, withdraw our opinion and judgment, and reinstate the appeal.

Prior to dismissal, we notified Runels that his appeal appeared untimely. Although the trial court signed the summary judgment order on February 1, 2022, Runels did not file a notice of appeal until April 20, 2022. *See* TEX. R. APP. P. 26.1 (requiring a notice of appeal to be filed within thirty days after the judgment is signed if no timely motion for new trial or motion to modify the judgment is filed). His notice of appeal was accompanied by a motion for new trial. *See* TEX. R. CIV. P. 329b(a) (requiring a motion for new trial to be filed within thirty days after the judgment is signed).

Runels responded to our inquiry, claiming that he did not receive notice or obtain actual knowledge of the *Joint Summary Judgment* until April 28, 2022. On May 3, 2022, he filed a motion for additional time to file an appeal in the trial court pursuant to Rule of Civil Procedure 306a. The parties have advised the Court that the motion remains pending.

We are obligated to determine, sua sponte, our jurisdiction to hear an appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex. App.—Amarillo 1994, writ denied). And, a timely notice of appeal is essential to invoking our jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1. We, therefore, 1) abate this appeal, 2) remand the cause to the trial court to conduct a hearing on Runels' pending Rule 306a motion in a reasonable manner it chooses, and 3) direct it to determine the date on which Runels first received notice or acquired actual knowledge that the *Joint Summary Judgment* was signed. *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a; *PDG, Inc. v. Abilene Vill., LLC*, No. 07-19-00118-CV, 2019 Tex. App. LEXIS 3129, at *3 (Tex. App.—Amarillo Apr. 17, 2019, order) (per curiam) (remanding the cause to the trial court to enter findings in accordance with appellate rule

4.2).  The trial court shall enter its findings in a written order and include the order in a supplemental clerk's record to be filed with this Court by July 28, 2022.

Per Curiam